UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11640-GAO

RONALD LITTLE,
Petitioner,

v.

JEFFREY GRONDOLSKY, Warden, Federal Medical Center, Devens,
Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION
December 28, 2017

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that this action be dismissed without prejudice for failure to comply with her procedural order concerning the filing fee. No objections were filed in response to the magistrate judge's Report and Recommendation ("R&R").[1] After reviewing the R&R, the procedural order, and the petitioner's submissions, I ADOPT the R&R (dkt. no. 6) in its entirety. The case is dismissed without prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The Clerk's Office twice mailed copies of the magistrate judge's R&R to the petitioner at FMC Devens. The mail was returned as undeliverable both times. "It is the responsibility of the *pro se* party to notify the clerk" of any change of address. L.R. 83.5.5(e).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD LITTLE,
          Petitioner,

v.                                              CIVIL ACTION NO. 17-11640-KAR

JEFFREY GRONDOLSKY, Warden,
          Respondent.

## ORDER FOR REASSIGNMENT TO DISTRICT JUDGE AND REPORT AND RECOMMENDATION FOR DISMISSAL

**ROBERTSON, M.J.**

For the following reasons, the Court directs the reassignment of this case to a District Judge and recommends that the District Judge to whom this case is reassigned to dismiss this action without prejudice.

### I. Background

Petitioner Ronald Little, an inmate confined to Federal Medical Center, Devens, in Massachusetts ("FMC Devens"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

By Procedural Order dated September 1, 2017, petitioner was advised that if he wishes to proceed with this action, he either must pay the $5 filing fee or file a motion for leave to proceed in forma pauperis with a copy of his prison account statement.

The Court's records indicate that petitioner has not responded to the Procedural Order and the time to do so expired on September 22, 2017.

## II. Order for Reassignment

This Court will direct that the case file for this action be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal without prejudice.

## III. Recommendation to the District Judge

For the foregoing reasons, the Court recommends that the District Judge to whom this case is reassigned that this action be dismissed without prejudice for failure to comply with the Court's order concerning the filing fee.

## IV. Conclusion

For these reasons,

1. This action shall be REASSIGNED to a District Judge; and

2. The Court RECOMMENDS that the action be DISMISSED WITHOUT PREJUDICE.[1]

**So Ordered.**

Dated: November 14, 2017

KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980). See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985).